# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

KELVIN C. THOMPSON,                     )
                                    )
        Plaintiff,                      )
                                      )
        v.                              )          No. 4:19-CV-2300-CDP
                                      )
ST. LOUIS METROPOLITAN POLICE            )
DEPARTMENT,                              )
                                      )
        Defendant.                      )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Kelvin C. Thompson[1] for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*,

---

[1] This case is one of thirteen cases that plaintiff has filed in this Court since July 11, 2019: *Thompson v. SS Admin. Office*, No. 4:19-CV-1922-SNLJ (filed Jul. 11, 2019); *Thompson v. Soc. Sec. Admin.*, No. 4:19-CV-2110-CDP (filed Jul. 19, 2019); *Thompson v. Soc. Sec. Admin.*, 4:19-CV-2115-CDP (filed Jul. 22, 2019); *Thompson v. FBI*, 4:19-CV-2134-SNLJ (filed Jul. 23, 2019); *Thompson v. Creve Coeur Police Dep't*, No. 4:19-CV-2138-SNLJ (filed Jul. 24, 2019); *Thompson v. St. Louis Metropolitan Police,* No. 4:19-CV-2139-SRC (filed Jul. 24, 2019); *Thompson v. Eckles*, No. 4:19-CV-2145-AGF (filed Jul. 25, 2019); *Thompson v. Marcantano*, No. 4:19-CV-2301-CAS (filed Aug. 5, 2019); *Thompson v. Normandy Police Dep't*, 4:19-CV-2307-SPM (filed Aug. 6, 2019); *Thompson v. Ferguson Police Dep't*, No. 4:19-CV-2308-SNLJ (filed Aug. 6, 2019); *Thompson v. Cool Valley Police Department,* No. 4:19-CV-2309-JAR (filed Aug. 6, 2019); and *Thompson v. Harrison*, 4:19-CV-2312-HEA (filed Aug. 7, 2019).

490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action against the St. Louis Metropolitan Police Department. He invokes this Court's federal question jurisdiction, and states he brings his case pursuant to Title VI of the Civil Rights Act of 1964, Title II of the Americans with Disabilities Act of 1990, the Rehabilitation Act, 18 U.S.C. §§ 241-242, 245, Title VII of the Civil Rights Act, The Civil Rights Act of 1866 (§ 1981), and 34 U.S.C. § 12601.

Briefly, plaintiff alleges that police officers failed to make a police report after plaintiff reported that a woman hit his car and harassed and stalked him and/or his daughter. He characterizes the refusal to make a police report as a "blatant example of racial discrimination, civil rights violations, and of Police bonding together and conspiring to deny every citizen's right to be protected and fairly treated." He states he believes that if he were a white person making the same allegations, a police report would have been made. He asks that the Department of Justice and this Court "reprimand, fire, fine and punish all the racist, rogue, police officers in the St. Louis Metropolitan Police Department," and he seeks "$100,000 in actual damages and $1,000,000 million in punitive damages."

**Discussion**

Having carefully reviewed and liberally construed the complaint, the Court concludes that it must be dismissed. Plaintiff states he brings this action pursuant to various federal statutes. However, none are availing. There is no indication plaintiff had an employment relationship with the defendant or any person mentioned in the complaint; therefore Title VII of the Civil Rights Act is inapplicable. Plaintiff does not allege he suffers from a disability, nor does he set forth non-conclusory allegations that he is a member of a protected class or that the defendant purposefully and intentionally discriminated against him because of his race, color or

national origin. Therefore, the ADA, Title VI of the Civil Rights Act, the Rehabilitation Act, and § 1981 are unavailing. Additionally, plaintiff is alleging that state actors violated his civil rights. Therefore, his exclusive federal damages remedy lies in 42 U.S.C. § 1983. *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 731-32 (1989) (Section 1983 provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the alleged violation is by a state actor). There is no private right of action under 34 U.S.C. § 12601, as only the Attorney General may bring a civil action under that statute. *Horde v. Elliot,* 2018 WL 987683 (D. Minn. Jan. 9, 2018). Similarly, 18 U.S.C. §§ 241-242 and 245 are criminal statutes that provide no basis for any private cause of action. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241 . . ."); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Roberson v. Pearson*, 2012 WL 4128303, *1 (D. Minn. 2012) (18 U.S.C. § 245 is a federal criminal statute that does not provide for a private right of action).

The Court has considered whether plaintiff has stated a viable claim under 42 U.S.C. § 1983, and concludes he has not. Plaintiff has named the St. Louis Metropolitan Police Department as the sole defendant. However, the St. Louis Metropolitan Police Department is not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities such as police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"); *see also De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983). Additionally,

plaintiff's allegations would not state a claim of municipal liability.  *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

As a final matter, the Court notes that the allegations in the complaint are duplicative of allegations plaintiff set forth in a supplement to a complaint he filed against this same defendant in an earlier action.  *See Thompson v. St. Louis Metropolitan Police,* No. 4:19-CV-2139-SRC. There, the Court considered the supplement as part of the complaint, and dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B).  While the dismissal of the earlier action "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a § 1915(e)(2)(B) dismissal "has res judicata effect 'on frivolousness determinations for future in forma pauperis petitions.'"  *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). Accordingly, this Court determines the § 1915(e)(2)(B) dismissal of *Thompson v. St. Louis Metropolitan Police,* No. 4:19-CV-2139-SRC has res judicata effect and establishes that this subsequent and nearly identical complaint against the same defendant is frivolous for § 1915(e) purposes.  The complaint is subject to dismissal on this basis, as well.

For all of the foregoing reasons, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of August, 2019.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE